Okay, the first case of the afternoon is Ronald Moreland v. Sanford Moreland, Carl Michael v. Shirley Michael v. Donald Scott v. Douglas Scott, 513-362. Mr. DeBoer? Yes, ma'am. You may proceed when ready. Thank you. If it pleases the court, ladies and gentlemen, counsel, we're here today asking the court to find that the trial court in this manner erred in denying our client the motion to dissolve a preliminary injunction which is entered against them in a forcible entry and container action. The best way to get to our case here, I'd like to provide a little bit of procedural and factual history which I think lays out the basis for which we're asking for our relief today. In early of 2012, there was a written lease entered into and that written lease is undisputed between my clients and the deceased party, Mr. Bernard Scott. As I said, Mr. Bernard Scott deceased in 2012 and left his wife, Betty Scott, with some real estate. Mrs. Scott testified that after her husband deceased, she decided that she would like to sell that land. And consistent with that desire, she sent notice to my clients in the fall of 2012 to terminate what she believed to terminate their tenancy. That notice was attached as Exhibit P in the preliminary injunction hearing that was held on May 23rd, 2013 as one of the exhibits of the plaintiff. That exhibit, I would ask the court to review. And if you review the Forcible Entry and Container Statute 735-5-9-206, you will find that the language in that termination notice sent by Miss Betty Scott is almost identical to the recommended language to terminate an oral farm tenancy lease four months prior to the end of the year, which is typically March 1st, February 28th. Mrs. Scott, consistent with that, testified that she had no knowledge that a written lease existed between her husband and my clients when she sent that notice. In November, after my clients received that letter, or that notice of termination from Mrs. Scott, counsel for them replied, informing them that in fact a written lease did exist, a written lease was a public record, and that if Mrs. Scott felt that they were, their clients, my clients now were in violation of that lease, that they should respond accordingly, laying out the basis of which they felt the lease should be terminated because of our clients' default. Which is an express provision of a written lease. Paragraph 680, which I'll get to. Now you say the first notice was given on what date? The first notice, ma'am, that was sent by the predecessors in title to the plaintiffs was in, I believe, July of 2012. And what exhibit is that? That would have been Exhibit P, which was attached as plaintiff's exhibit in the preliminary injunction hearing that was held on May 23rd. I'm looking at that. It says February 28th, 2013 by Betty Scott. The front page you're looking at, ma'am? Yes. No, ma'am, what that says is notice of termination of tenancy on February 28th. What that means is since it was their belief they were terminating an overall farm tenancy, that that's when the tenancy would terminate, which would have been the end of the crop year of February 28th. If you actually look at the page that has the certificate of service for the sheriff, that was actually served in July of 2012. But, again, that date, ma'am, is referring to when they were believing the termination would be effective because that would be consistent with what an oral farm lease termination would require. If there's no lease. If there's no written lease, yes, ma'am. And, again, Mrs. Scott testified she knew of no lease at the time she sent this notice. So, again, after being advised, Mrs. Scott did nothing. She continued to try to sell the property, and in March of 2013, the property was sold to the plaintiffs in this action. Plaintiffs testified that they had knowledge of the written lease when they purchased the property, and within days after having purchased the property, they brought a cause of action for forceful entry and detainment against the defendants. They did that without having any conversation, providing any notice, written or otherwise, to the defendants. They merely brought this cause of action. The cause of action was also, is of record, and a couple of the provisions I'd like to point out for the court that are going to be important is the first paragraph of that complaint, which says that the plaintiffs are there going to certify that they are entitled to possession of the premises consistent with Illinois law and the Illinois compiled statutes. They also, in the verified complaint, the plaintiffs are advised and informed and believe that the defendants will unlawfully withhold possession, which is important because even in their own verified petition, they're not stating that the defendants are unlawfully withholding. They're stating that they believe the defendant will unlawfully withhold, which has to do with the notices that we'll talk about in a little bit. So after the complaint was filed in March, the defendants are served with summons and an attorney, not myself, prior counsel, entered their appearance before the end of March in this matter. It wasn't until May, May 9th, where there was a hearing had, where the second notice comes into play. There was a second notice given to the defendants terminating the tenancy by the plaintiffs. We can see that that notice conforms to what's required by the lease. We don't agree with the substance, but we agree with the form. And that notice that was given on May 9th, almost two months after the case was brought, conforms with the requirement of the written lease, paragraph 6A. It says, if either party fails to carry out the terms of this lease, the lease may be terminated by the other party by serving a written notice citing the instances of default. That was given to the defendants May 9th, two months after the lawsuit was initiated. Let me ask you a question. Do you believe that prior to May 9th, that inadequate notice had been given to the tenants in light of the lease? Absolutely. I would say the plaintiffs gave no notice, ma'am, prior to May 9th. So how did the court acquire subject matter jurisdiction? They didn't have subject matter jurisdiction. So how could you go forward? You couldn't. Right. And did you raise that claim? I became counsel of record in this case, ma'am, the week before the forcible entry detainer hearing was had on June 28th. I became counsel of record June 22nd, I believe, 21st. That was the very first argument I made, and I've made it three or four times in this case that the court lacked subject matter jurisdiction. It fell on deaf ears, ma'am. Well, I saw in the record that the court said that the motion for lack of subject matter jurisdiction was denied as being untimely. Yes, ma'am, they did. And I explained to the court that there is no such thing as an untimely request for subject matter jurisdiction. I got no response, ma'am, but yes. Do you think that under the forcible entry and detainer statute that jurisdiction can be cured? There's no case law in Illinois suggesting that you can cure it after the fact, ma'am. Actually, the Illinois Supreme Court, in the case that I cited to you, has a fact pattern very similar. That was the Advich v. Kleiner case. It was an Illinois Supreme Court case from 1977, which said, as soon as brought before a tenant is served with notice terminating the lease, the lawsuit must be dismissed as premature. So what relief are you looking for from this court? Again, the relief we're here looking for today, ma'am, there's two appeals pending right now. This appeal is relative to the injunction that we contend was wrongfully entered against our client, and there's also an appeal pending because the ultimate relief of possession, even though that sounds weird to this court, or it does to me, because ultimate relief was granted in the forcible preliminary injunction hearing. Well, some relief was granted, but the court has not issued its final order yet, correct? No, it did issue a final order in August. It did? Yes, ma'am, August 28th, I believe. Have you put that in the record? I'm not sure if that's correct. By the time the record on appeal was due in this matter, ma'am, I don't believe that was finalized at that time. Okay, so what does the final order say about the injunction? The court contends that the injunction had a termination date that was dissolved prior to the hearing on the forcible entry detainer on June 28th. Right, so one of my questions is, isn't your motion about this preliminary injunction moved? It was taken up along with the case at trial. No, ma'am, it's not moved. The reason it's not moved and the reason we filed the motion to dissolve the preliminary injunction was to preserve the issue of whether or not the injunction was wrongfully entered, because if we preserve that issue, the damages available to the client may be above and beyond what he may be entitled if the forcible entry detainer action fails. But the preliminary injunction expired, at least in the record, formally at 1.38 p.m. on the date of trial, right? Correct. I didn't bet, I'm sorry. I'm sorry. So then you went into trial and presumably there was a hearing and we don't know what the final order looks like, but why isn't your motion moved? Again, the law says that you can raise the issue of dissolving a preliminary injunction any time prior to the trial or to it being dissolved. It was dissolved and there was a trial. But again, it was set to dissolve by the written order pending the trial on the merits. At the time my motion to dissolve was brought up for hearing, it had not yet dissolved because the trial on the merits had not yet occurred. The court arbitrarily, without request by anyone, dissolved the preliminary injunction and then proceeded to say my motion was moved. It was only moved because the court made it moved by its actions of dissolving the injunction prior to when the written order said it was to dissolve. So that's why I'm trying to figure out what can we do for you if it was dissolved prior to trial and the issues were heard as part of the trial? What you can find is that the court improperly refused to hear or grant or even if he would have denied, if the court would have denied my motion to dissolve the preliminary injunction instead of creating this mootness and refusing to hear it, if they would have denied it, I could have appealed that very issue regardless of what the substance of the forceful entry and detainer occurs. Because again, if it was a wrongfully entered injunction, the damages sustained by my client are different, can be different than what he can sustain if he succeeds on the forceful entry and detainer underlying action. If because of the dissolution it's moot now, what relief can we give you? Relief you could give me is finding that the preliminary injunction was wrongfully entered, and if you do that... Wouldn't that be an advisory opinion since it is moot? What basis can you give us why we should take something? Let's assume for the sake of argument that it's moot. I'm not asking you to concede it. Yes. Let's assume for the sake of argument at this date of hearing it is moot. Why wouldn't our ruling on this, either agreeing with you or disagreeing with you, be an advisory opinion which our Supreme Court and the rules have suggested strongly we don't make? If in fact it was moot, then I wouldn't be here today because it wouldn't be anything you could rule upon that would give my client any relief. Again, so I think you first have to answer whether or not it is a moot question. And again, I think you have to answer whether or not it was a moot question if the time the judge ruled, not where it sits today. Because if that was the case, then being able to have an interlocutory appeal on a dissolution of an injunction would almost never lie because the issue gets resolved long before you get to the appellate court. And so being able to bring a motion to dissolve before the injunction is moot, which is key, and having that ruled upon preserves the issue to bring in front of this court to then determine whether or not the dissolution denial, in my case, was proper or not. Because again, if you find that the denial of the dissolution of the injunction was improper, it then goes back to the trial court to determine what damages my client suffered for having an injunction entered against him improperly. But don't you have to file a pleading raising that issue? Pleading raising what issue? Damages. Again, I can't do that. I don't have the memorized particular part of the statute of the code with me. But I can't even plead and allege that until this court finds that it was improperly not dissolved, is what I should say. I can't even raise the issue of damages until that determination is made. Again, I would contend to this court that the trial court was aware of that because I educated the court before they ruled. And so they ruled to dissolve the injunction at 139, even though it wasn't set to dissolve until the trial started. Counsel conceded that in the transcript. Well, the trial was scheduled to start at 115. It was scheduled to start at, which was currently scheduled to start at 115. That's what it said. But it said that the injunction would stay in full force effect pending the trial on the merits. The judge in his order said that all of these motions must be heard before trial, which included the motion to dissolve. He found it as being untimely. And again, I would suggest he found it as being untimely because there was a suggestion that it needed to be filed within 30 days after it was entered, which is not the case. And so, again, we would say that it's not a moot issue. You don't deny that the issues in your motion were taken up during the trial? The issues in which motion? In your motion to dissolve. The fact that one of the things you claimed is that the court had heard and decided ultimate issues of fact. That was something you raised. Do you deny that those issues were ultimately taken up at the trial, the hearing, the final hearing? No, they were taken up. The only thing taken up at final hearing, ma'am, was whether or not my client was in default of the lease agreement and that the plaintiffs were entitled to possession of the ground. That's the only issue taken up at the final hearing. But isn't that what you said was improper in the preliminary injunction is that they should have left the status quo and they shouldn't have made a finding that her clients were entitled to possession? Sure. Those were some of the factual reasons that I raised that the entry of the preliminary injunction originally was improper. Certainly there's an overlap there. But again, arguing the ultimate issue of possession in the trial doesn't remedy whether or not an injunction entered a month prior was improper or not. Why didn't you file an appeal immediately from the May 23 injunction? That's a fair question, ma'am. My only response is I did not get in this case until a week before trial. I can only say if I was in the case on March 23rd or March 25th. But again, given that there's only a month overlap, let's say I was the counsel of record on May 23rd. You got a trial set a month later. If I were to file the new proclamatory appeal immediately, the chances of that being resolved before the trial is almost impossible. That's why you have to file a motion to dissolve the preliminary injunction. Let the trial court rule and maybe fix its own mistake. But if it denies your motion to dissolve, then that issue can be appealed and the issue of mootness has been remedied because they can go ahead and have the trial on the merits. Regardless of that, I am now appealing to you whether or not there was an error in the refusal to dissolve, not on the actual issue of the entry of the injunction itself. It's two different things. What is the status quo right now? What is the status quo? How are things sitting right now? At the end of the hearing, the judge said that the status quo shall remain the same. At the end of the June 28th hearing? Yes. At the end of the June 28th hearing, the status quo at that time was, ma'am, that the plaintiffs were in possession of the real estate, had on approximately half of the tillable acres removed my client's crops that he had planted in the spring, planted their own, and had pretty much started farming the real estate. My client was still in possession of the residential property, and I believe that's still the status quo today. So the order had originally said that your client would give up the residential piece by July 22nd? That's correct, ma'am. And your client had no lease for that residence, right? There was some quibbling in the preliminary injunction of whether the residence was included in the farm lease. It was not an issue raised in the forceful entry and detainer hearing on June 28th. So you could say that's undecided, but I think there's been acquiescence that it was because he's still there today. So you think that the formal written lease gave your client's possession of the premises, not just the ground? That is the contention of my client. I think if you look at the back of the written lease, the written lease talks about removing some old roofing and installing new roofing structures. So I think if you look at Section 7, there's a suggestion there that it did include the real estate. And again, since I've been in this case, ma'am, there's been no confrontation between the parties of whether or not the improvements, being the home, etc., were a part of this lease or not. Well, you've made the contention that the July notice from the widow was insufficient to provide notice under the FB&D statute, correct? That's correct. But if your clients did not have a lease for the residence, hypothetically? Hypothetically. You would agree that the notice was sufficient under the FB&D statute? I wouldn't necessarily agree with that because I think that the notice that was given is specific to terminating foreign tenancy. And if there was an intention to terminate the residential portion of the lease, feeling that it's not covered under the foreign lease, you would have to submit a standard 30-day notice to quit to give up your possession of the real estate, and that was never done. You don't think that the Exhibit P would have qualified? No, ma'am, I don't. Thank you. Thank you. Okay, Ms. Norton, you can straighten this out for us. Good afternoon, Your Honors. I hope I can. Thank you. Liz Norton of Devin Dove here on behalf of the plea-undermining plaintiffs in this case. I think it's critical for me to clarify one procedural issue. There was an appeal taken by Mr. DeVore himself. I ask Your Honors to take judicial notice of the Fifth District Pellet Court Case No. 5-13-0314. This was filed within 30 days after issuance of the preliminary injunction in this case, and then I filed a motion to strike because the issue was going to become moot as a result of the preliminary injunction's provision that expired by its own term on June 28th at 1-15. In response to my motion to strike, Mr. DeVore's office withdrew that appeal of the preliminary injunction. That is a critical factor in this case because 90 percent of what was just argued by counsel has to do with whether or not the preliminary injunction was properly heard or not. That is not before this Court. What is before this Court is whether or not the trial court judge committed reversible error in failing to rule on the motion to dissolve the preliminary injunction. And our position is the trial court did not abuse its discretion in not ruling on the motion to dissolve the preliminary injunction. That is the issue on appeal today.  The first reason is because the issue was moot. Once again, by the preliminary injunction's own terms, expired at the exact date and time noticed by counsel on his motion to dissolve. He could have noticed it for 11 a.m., knowing that by his own terms, the preliminary injunction was expiring at 1-15 that same day. He did not do that. When it was called for a final hearing on the underlying merits of the case, Judge Bennett said this is a moot issue. The preliminary injunction has expired. There was some argument from counsel to the Court, and the Court looked at the clock and said we've argued now for 15 minutes. It's 1-38 p.m. The preliminary injunction has expired. By its terms, it's expired, Mr. DeBoer. The issue is moot. Now we're going to move to the underlying trial of the merits. I think it's important as well for you to take a careful look at the record procedurally. None of the code of civil procedure or the LOGA rules were followed by counsel. The trial court was frustrated. I think there were four or five motions filed less than 24 hours before final trial on the merits, which was coordinated through the agreement of counsel. So we had a request for a jury, we had a motion to dismiss, we had a counterclaim, and we had a motion to dissolve. The preliminary injunction was in effect for over 35 days. Nothing was followed in that period of time except for the appeal that I've just advised you of, which was then withdrawn by counsel. That was the opportunity for Mr. DeBoer to argue on behalf of the defendants the preliminary injunction was improper. He didn't do that. That time has passed. Those arguments are gone. In response to your Honor's inquiry as it relates to the subject matter jurisdiction issue, the same problem arises. I know it was prior counsel. I understand that. But there was never a motion to dismiss filed. None whatsoever. They were at issue. We went forward with the case. Every single court date was coordinated by counsel in the courts. The reason that it took some time to get to hearings is because we were coordinating with four people's calendars. But every time we moved forward to hearing, it was by counsel's understanding. The other issue is that it was untimely. Not only is it new, but it was untimely. While we understand and we acknowledge the fact that a preliminary injunction can be dissolved at any time prior to a final trial in the merits, once again, it's untimely if you notice a motion to dissolve the same date and time that the injunction expires by its own terms. But that's all that we're here on today is whether or not the trial court erred in failing to hear the motion to dissolve. And on that note, procedural, I'll mention to the court, you know, there was an opportunity for the plaintiffs to file a motion to strike this appeal in its entirety because of the fact that there wasn't actually a denial or a granting of the motion to dissolve. We chose not to do that only because we didn't want to incur additional fees. To file a motion to strike that your honors may disagree with and believe that the failure to rule is actually a denial. So we decided just to keep it in the appeal to have our day before your honors to argue this. But the fact of the matter is, if you look at the statute, it says that there's interoperatory appeal is appropriate in the event that there's been an error in the granting or denial of the motion to dissolve the preliminary injunction. There was no such order entered by the trial court. He said, I'm not ruling because it's moot. He said, I'm not ruling. I'm not going to grant or deny. It is a moot issue. Ms. Noren, though, as an appellate court, we have an obligation at any time to examine subject matter jurisdictions. So we can never be untimely. So when you look at the record here and you look at this first notice from Betty, I think that was her name, and then you look at whether there's a lease or not. There's clearly a lease. The lease clearly says that in order to terminate the lease, you have to tell us how we breach. And that notice was clearly not given until after the F.E. and D. statute or complaint was filed. And the F.E. and D. statute says that you have to give notice before you can file such a lawsuit. So if you take all those circumstances into effect, it seems that there is no subject matter jurisdiction. And we believe that there is, Judge. Explain it now. Yes, Judge. Because the notices to terminate were given prior to the complaint being filed. And whether or not the notices were in compliance with the detailed provisions of the lease is not a matter of notice. It's a matter of the actual document itself. They were on notice not only through the actual notice but through the filing of the complaint. When they made arguments that, well, I know you're telling us what the problems are, and we know we've got this notice to terminate, but you're supposed to put it in writing, we amended that notice. We also amended the complaint so that it conforms to the proofs at trial. We believe that's sufficient to secure the subject matter jurisdiction of the case, and the trial court judge agreed. I think it's important for us to understand that the case law cited by counsel and the case law that I found in the State of Illinois deals with situations where no notice is given and then the complaint is filed. I agree. That renders a no subject matter jurisdiction issue. That is not what we have here. Number one, you have the notice, you have the verbal conversations and argument on the record, and you have the complaint filed, and then you have an amended notice to make sure that it conforms to the proofs and then an amended complaint then that incorporates that amended notice. So the pleadings are accurate, the record is clear, and subject matter jurisdiction absolutely exists in this case. And so for those reasons, it is our position that trial court did not err and that his judgment, including his decision to not rule on the motion to dissolve, should stand. And I think it is important to, I mean, I know the questions were made by the court to opposing counsel, and I think those are important inquiries. What relief can we give you? What relief is there for us to give you pursuant to this appeal? There is no relief. There's nothing to do. The preliminary injunction is gone. It's expired. It's dissolved by its own terms. There's nothing else we can do for you. If he wanted to pursue an actual dissolution of the preliminary injunction and request damages that may be associated with an improperly issued preliminary injunction, then he had 30 days from issuance of that injunction to file the motion to dissolve or to appeal it. He didn't do that. He didn't do anything. He waited until the eve of trial, literally less than 24 hours before the hearing, to file that motion to dissolve. It's improper, and this appeal should be denied. So it's your position that you can hear the defect in jurisdiction by filing an amended notice and then an amended complaint? Absolutely, Judge. In the situation where there's no questions uncontroverted on the record through testimony of both defendants, that they knew that their farm tenancy was being terminated, and they knew the condition of the property. It's in the record. They knew all of that. They knew it because that written notice, it does conform with the statute. When they started making arguments, even though it wasn't through pleadings, when they verbally were making arguments, well, it doesn't specifically state what's wrong with the property or what parts of the lease will be violated. We amended it. Then an amended notice was served again on both defendants. An amended complaint was filed, which conformed with the proofs, which was not dismissed, and which was heard by the court and a judgment was entered. So I believe that absolutely subject matter jurisdiction exists in this case, and I think that record is clear on those matters. At the end of the hearing, the court said, which is going to leave things as the status quo, almost as if it was issuing another kind of order. Well, the judge was put on the spot when you read the record. His opposing counsel said, well, then what are we going to do now, Judge? I mean, we're here. We're near the end of the summer. Clearly, harvest was upon us. And he inquired of the judge, and the judge said, just keep the status quo. What does that mean? Well, I wish Judge Bennett was here and he could tell you, in my opinion, what that means is, hold on tight. My order's coming. Well, what did the parties do, though? Well, his client continues to fail to leave the residence, even though, number one, the notice was given. Number two, the preliminary injunction was issued ordering him to be off in 60 days. And number three, now we have a judgment that's almost two months old, and he still is just sitting there ignoring the court's orders as they have been doing the entire length of this litigation. As well as to the farm property, four days before the hearing on the preliminary injunction, when we had standing water on all of our crop fields in central southern Illinois, because, of course, it was a very late planting season, they went out with their planter and tried to plant crops in the ground so they could argue that the status quo was that they could continue farming. And the judge was incensed by that. And he said, you can't create the status quo. You know, I find that there are times when you don't follow the previous status quo, and this is one of them. And we all know what the law says about when you don't have to follow the last status quo. With farming, it's a little bit different. My argument is the status quo is that we had a new owner. No one had planted it. The ground, the evidence was clear. The ground had not been taken care of or prepped or limed for planting season. And the judge says, I want the new owners and landlords to go in and have possession of this property so they can plant further up their field and prevent additional waste and reduction in the property values because of the severe waste that had been allowed to occur by the defendants. So to get to the final point of your question, Judge, come fall then, after no one touched, well, my clients did not touch the field until hearing, to file a hearing on the merits. There was nothing to do. They planned to pursue the preliminary injunction, and then there was nothing to do. So come the fall then, we had our hearing. The judge was entered and gave them the relief of their underlying forcefully traded tainter. And so my clients have gone in and they've harvested. But again, all of the outbuildings are still full of the defendants' equipment and property. Pursuant to his own brief, they've already started removing their personal property from the residence, but they have not vacated. And is there an appeal of the final judgment? He has filed an appeal, Mr. DeBoer did, of the final judgment before the actual physical final judgment was issued by the court. He filed the appeal a few days after the, I think it was a docket entry made. In fact, I don't think Mr. DeBoer has even received the actual physical judgment himself, so I don't believe it's on record with your Honor's Court. But it has been filed, and I anticipate it will be before you again as it relates to that underlying judgment. Thank you so much. Your questions about status quo are interesting, because from a practical perspective, what that meant was that injunction was continuing, and this illusion that it was somehow dissolved at 139 prior to, again, supposed to dissolve pending the trial on the merits. That gets changed to it's dissolved at 139. And that gets to, well, let's maintain the status quo. The injunction, again, being able to even dissolve in itself as an illusion, when you have an injunction that entered on May 23rd that says, we immediately dispossess you of the farm ground, and you are going to be dispossessed of the residential property as of July 22nd. And by the way, we're going to have a trial on the merits on June 28th. I mean, it's almost irrational. I want to go to what you're discussing about subject matter jurisdiction. I think that's the most important thing to leave you with. Subject matter jurisdiction can be addressed by this court right now. I think that's probable. If not, we'll be addressing it in the final appeal, which is coming before you in the near months. There is no case law in Illinois, none, that says you can cure subject matter jurisdiction after the fact. It doesn't exist. Conforming, amending your complaint to conform it to the proofs, to try to bootstrap the relation back doctrine onto your complaint at the time of filing to say that you adhered to the requirements of the forcible entry detainer statute, no case law to support that. The clear fact of the matter was there was a notice given by the predecessor in title. That notice does not rise to the level of something sufficient to terminate the written contract. As such, it has no force in effect. It doesn't mean anything. It's as of March 12th when this case was filed. Does it matter that my client has some passive understanding that, yeah, they're trying to kick me off my property? The law doesn't call for if you have some general understanding that someone wants to remove you, that that's good enough to satisfy subject matter jurisdiction. Either the lease had been terminated or it hadn't been terminated. That's a yes or no question. The 206 notice sent by Betty Scott did not terminate the written lease. So as of March 12th when this case was filed, were the plaintiffs lawfully entitled to possession under the forcible entry detainer statute? If the answer is no, they were not lawfully entitled. The case has to be dismissed as premature, which means the preliminary injunction, everything was null and void. So again, the court will find no case law to support this relation back theory or this amended notice. And for that reason, the court could just as easily today, if they're not going to grant that the preliminary injunction was wrongfully entered and it was moot, I think the case could still be remedied by finding no subject matter jurisdiction. Thank you. Thank you, Mr. DeMora. Okay, we'll take the matter under advisement and issue an opinion report. Thank you.